UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    vs.<br><br>SCOTT THOMPSON, Individually, and d/b/a ISOSCELES LLC,<br><br>           Defendant. | CIV. 15-5060-JLV<br><br>ORDER |

Before the court is defendant Scott Thompson's motion to dismiss the government's complaint (Docket 8), motion for an extension of time to file an answer to the complaint (Docket 9), motion for an extension of time to respond to the government's motion for summary judgment (Docket 16), and motion for leave to proceed *in forma pauperis*. (Docket 17). The government filed a motion for summary judgment and a motion to dismiss Mr. Thompson's counterclaims. (Dockets 12 & 23).

Mr. Thompson's motion to dismiss the government's complaint for fraud on the court is made pursuant to Fed. R. Civ. P. 60(b)(3) and (d)(3). (Docket 8). The allegations in the motion reference Mr. Thompson's separate criminal trial before this court where Mr. Thompson was convicted of two counts of false claims, two counts of submitting false documents to a department or agency of the United States, two counts of wire fraud, and one count of receiving stolen government money. United States v. Scott

Thompson, CR. 11-50054-JLV, Docket 295 at p. 1 (hereinafter "Thompson Criminal").

"To prevail on a Rule 60(b)(3) motion, [litigants] must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005) (quoting Atkinson v. Prudential Property Co., 43 F.3d 367, 372-73 (8th Cir. 1994)). "A finding of fraud on the court is justified only by the most egregious misconduct *directed to the court itself*, such as bribery of a judge or jury or fabrication of evidence by counsel. . . ." Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998) (emphasis added) (internal quotation marks and citations omitted).[1]

Mr. Thompson's motion to dismiss is without merit. Mr. Thompson's arguments relate to his criminal proceeding and are properly raised in a criminal appeal, which Mr. Thompson did not pursue, or a habeas action. Mr. Thompson's unsupported assertions fail to demonstrate by clear and convincing evidence that the government engaged in a fraud or misrepresentation in his criminal case such that he was unable to fully and fairly present his case. The motion is denied.

On April 11, 2016, Mr. Thompson filed an answer and asserted counterclaims against the government. (Docket 20). His motion for an

---

[1] "Rule 60(d)(3) functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." Williams v. Dormire, No. 4:10-CV-1413 CAS, 2010 WL 3270111, at *2 (E.D. Mo. Aug. 17, 2010) (quoting Fed. R. Civ. P. 60(d)(3)).

extension of time to file an answer to the government's complaint is therefore denied as moot.  See Docket 9.

On April 15, 2016, Mr. Thompson filed a response to the government's motion for summary judgment.  (Docket 21).  On April 17, 2016, Mr. Thompson filed a statement of disputed material facts.  (Docket 22).  Mr. Thompson's motion requesting additional time to respond to the government's motion for summary judgment is therefore denied as moot.  See Docket 16.

Mr. Thompson moves the court for leave to proceed *in forma pauperis* and provided the court with his financial information.  (Docket 17).  The *in forma pauperis* statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor . . . ."  28 U.S.C. § 1915(a)(1).  The court reviewed Mr. Thompson's financial information.  Noticeably absent from Mr. Thompson's application to proceed *in forma pauperis* is any reference to the $87,637.89 in restitution this court ordered Mr. Thompson to pay in monthly installments.  See Thompson Criminal, Docket 295 at pp. 4-5.  Notwithstanding this omission, the court finds Mr. Thompson is indigent and qualifies for *in forma pauperis* status.  The motion is granted as to Mr. Thompson personally.  To the extent Mr. Thompson requests *in forma pauperis* status for Isosceles LLC, the motion is denied.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S.

194, 196 (1993) (holding that only natural persons qualify for *in forma pauperis* treatment under § 1915).

Good cause appearing, it is

ORDERED that defendant's motion to dismiss the complaint (Docket 8) is denied.

IT IS FURTHER ORDERED that defendant's motion for an extension of time file an answer (Docket 9) is denied as moot.

IT IS FURTHER ORDERED that defendant's motion for an extension of time to respond to the government's motion for summary judgment (Docket 16) is denied as moot.

IT IS FURTHER ORDERED that defendant's motion to proceed *in forma pauperis* (Docket 17) is granted in part and denied in part consistent with the above analysis.

IT IS FURTHER ORDERED that if either party seeks a Form 52 Order prior to the court's resolution of the government's pending motions for summary judgment and to dismiss Mr. Thompson's counterclaims, a request demonstrating the necessity of further discovery must be made within fourteen (14) days from the date of this order.

Dated May 2, 2016.

                                    BY THE COURT:

                                    /s/ *Jeffrey L. Viken*
                                    JEFFREY L. VIKEN
                                    CHIEF JUDGE